## In re PERKINS' ESTATE.

(Supreme Court, General Term, First Department. January 12, 1894.)

SURROGATES—JURISDICTION—CONSTRUCTION OF A WILL.

A surrogate has jurisdiction to construe a will, where the construction is necessary to determine questions arising on an accounting by the executors, and they will be protected as to payments made pursuant to a decree made in such proceeding, though the construction was incorrect.

Appeal from surrogate's court, New York county.

Judicial settlement of the account of Caroline E. Perkins, as ·executrix of the will of John Perkins, deceased. From a decree settling the accounts of the executrix from June 29, 1882, to. December 31, 1892, George W. Angell and Azariah C. Angell appeal. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and PARKER, JJ.

George C. Lay, for appellants.

Davies, Short & Townsend, (Edward S. Rapallo, of counsel,) for respondent..

VAN BRUNT, P. J. It appeared that one John Perkins died, leaving a last will and testament, whereby he appointed his brother, ·George R. Perkins, trustee of his will, and made certain provisions for his widow and other persons. In August, 1876, the executors filed an account, upon which citations were duly issued, and served upon all the parties interested in the estate, including the appel·lants; and such proceedings were had that upon the 5th of April, 1877, a decree was entered, settling the accounts of the executors, ·and a provision made for settling the trust of which the trustee was ·appointed, and directing the payment. out of the estate of a sum ·equal to the semiannual interest upon the said trust fund. The appellants, although cited and duly served upon this accounting, did not appear. On the 2d of May, 1883, a second accounting was ·had. The accounts of the executrix were settled, and a second

decree entered, containing the same provisions; the record showing that the appellants were duly served by publication, and served by mail, of the citation to attend such accounting. On the 31st of January, 1893, the executors filed a third account, which claimed credit for payments pursuant to the decrees of the surrogate. The appellants appeared, and filed objections to such items in said account, and also objected to portions of the former decree entered April 5, 1877, on the ground of want of jurisdiction, and on the further ground that such provisions were inconsistent with the terms of the will, and operated to dissipate the principal, to their detriment. They also made a motion to set aside so much of said decree entered upon said accounting as related to this trust, upon the same grounds as those upon which objections were filed to the accounts. The surrogate, after hearing the parties, granted the application to declare null and inoperative, as to the future administration of the estate, so much of the former decrees as related to the trust fund, but declined to affect the validity of the former accountings, or the subsequent payments made pursuant to said decrees, and from this decree the present appeal is taken. The ground of the appeal is that the surrogate had no jurisdiction to make the decrees of April, 1877, and May, 1883, as they were contrary to the provisions of the will, and deprived the plaintiffs of their rights as remainder-men.

The objection is raised that this appeal cannot be heard, because no findings were requested to be made by the court, no exceptions filed to the rulings of the court, and no decision in writing filed, stating separately the facts found, and the conclusions of law, as required by the practice. We would think that this objection was well taken, as this whole proceeding arose upon an accounting, before the surrogate. His rulings related to the matters contained in that account, and in the settlement of the account he had jurisdiction to construe the will. Such being the proceeding before the surrogate, the mere fact that there was injected into it a motion to set aside previous decrees in no way changed the nature of the proceeding. It was an accounting over which the surrogate had jurisdiction, and for the review of which the well-settled rules of practice require the procedure which has already been intimated. But it is not necessary to limit our disposition of this case to this point. There is no question but that, if the surrogate was absolutely without jurisdiction to make the decrees in question, such decrees are no protection to the executors in the administration of the estate. But it has been well settled by numerous adjudications that upon an accounting the surrogate has jurisdiction to construe the will, where the construction is necessary to determine questions arising upon the accounting, and that, with all the parties in interest present, the surrogate may construe the provisions of a will, and determine the meaning and validity of any of them, whenever such determination is necessary in order to make his decree as to distribution. To sustain the contrary of this proposition, the case of Johnson v. Lawrence, 95 N. Y. 154, is cited. But it was there held that the surrogate had no authority to construe the effect of the will up-

on the future attitude of the executors, because no questions of distribution had been reached, and no separate or distinct trust fund settled and fixed. No trust had been judicially constituted, and the order obeyed. But the authorities are uniform that where a question of distribution arises, and the distribution of the trust fund is necessary to be presently done, the surrogate has jurisdiction to provide for those things, and to determine as to the method and manner of distribution. In these previous accountings the question was presented to the surrogate in regard to the rights of the beneficiaries in this trust fund directed to be constituted by the will. The surrogate made a decree in reference thereto, construing the will in that particular. The executors made disbursements in accordance with that construction. The surrogate approved of those disbursements, and, clearly, his decree was within his jurisdiction, although it may have been erroneous. In every case of the construction of a will by the surrogate in proceedings for an accounting, he may be said to be without jurisdiction, if his construction is contrary to the will of the testator. But, where the right of appeal does not exist until that decree is modified by some affirmative action upon the part of the surrogate, certainly such decree is a protection to the executor acting thereunder, precisely the same as though such decree had been made upon the probate of the will, where the validity, the construction, or the effect of any disposition of personal property contained in the will offered for probate is put in issue. Prior to 1870 the surrogate had no jurisdiction to entertain any such question upon probate; but in order that the executor might, from the commencement of his duties, be protected in the administration of the personal estate of a deceased, power was conferred upon the surrogate to pass upon the validity, construction, or effect of any disposition of personal property, if the same was put in issue, and these questions the surrogate must determine upon rendering his decree admitting the will to probate. Code, § 2624. Now, it is clear that all that this legislation intended to do was to confer upon the surrogate, upon the probate of a will, the power to do that which he could do upon an accounting. In the case at bar, when these decrees were made, this question of construction came up; and, as has been already stated, although the surrogate may have misconstrued the will, yet his decree was not absolutely void for want of jurisdiction. We think, therefore, that the decree should be affirmed, with costs. All concur.