A direction of a surrogate, on the hearing of a question of accounting, that fixes the attitude of the executors upon a future question of distribution, is not binding upon the court when the question of distribution becomes a present one.

Proceedings upon judicial settlement of the account of Thomas J. McCahill, as executor of Bryan McCahill, deceased. Reargument of exceptions filed by the executor to the referee's report. Exceptions sustained, and report confirmed.

Matthew Daly, for petitioner.

Richard M. Henry, for special guardian, opposed.

VARNUM, S. In this matter Surrogate ARNOLD made a decision (Sur. Dec. 1898, p. 433) wherein he passed upon the exceptions filed to the referee's report, and construed the clause of the will of decedent that was in dispute. No decree was entered upon this decision, and the matter was reargued and submitted to me for final disposition. The clause of the will which the court is asked to construe provides, among other things, that the executors shall invest the shares given to a certain group of nieces of the testator, and shall pay the interest earned thereon to said nieces. The will then continues:

"In case of any of the above-named nieces dying without issue, then her share shall be divided equally among her brothers and sisters; and, in case of any of them leaving issue, the interest on her share shall be divided equally between her said children, and upon their attaining the age of twenty-one years the principal shall in the same manner be divided equally between them. Should any of my nieces, however, die without leaving issue or brothers and sisters, then her share is to revert to the general fund of my estate, to be divided equally among my remaining nephews and nieces."

It appears that one of these nieces died without issue, leaving one sister her surviving. The question raised is whether this sister is alone entitled to the share of the deceased niece, or whether the children of deceased brothers and sisters are also entitled to participate therein. The decision already made holds that the surviving sister should receive this fund. The language used in the will is so free from ambiguity that I fail to see how any other construction could be placed on this clause without doing violence to the intention of the testator. The attention of the court is now called to a decree entered in this estate in the year 1873, in an accounting, under the terms of which the executors are directed to make distribution of the shares in question, after the death of the respective life beneficiaries, by paying the share of any niece so dying to her lawful issue, but, if she leave no issue her surviving, then to her living brothers and sisters, and the descendants of any deceased brothers or sisters. It is contended that this direction is in the nature of a final adjudication, and that no other construction can be placed upon the will. In order to meet this difficulty, the surviving sister, in whose favor the mooted clause has now been construed, seeks to amend the decree of 1873 by striking therefrom the provision permitting the descendants of deceased brothers and sisters to share in the distribution. It seems to me, however, that we need not here concern ourselves with the difficulties which attend the consideration of a substantial amendment of a decree of this court. It is a well-settled doctrine that upon an accounting the surrogate has jurisdiction to construe a will, when such construction is necessary to enable distribution to be made. But, where no question of distribution is before the court, any direction fixing the future attitude of executors or trustees, or pointing out the manner in which the funds should be distributed by them in the happening of a remote event, is not germane to the proceeding, and is therefore entirely superfluous, so far as the making of a complete decree is concerned. Such an unsought-for construction does not stand in the way of procuring further or other directions when the question of distribution becomes a present one, and the court has the right to look upon the same as null and inoperative. In re Perkins, Surr. Dec.

1893, p. 429; s. c. on appeal, 75 Hun, 129, 26 N. Y. Supp. 958, affirmed in 145 N. Y. 599, 40 N. E. 165; Johnson v. Lawrence, 95 N. Y. 154, 164, 165; Bowditch v. Ayrault, 138 N. Y. 222, 231, 34 N. E. 514. Under the authorities, I am not, therefore, bound by the opinion expressed in the former decree, and I therefore hold that distribution should be made in the manner indicated by the decision of Surrogate ARNOLD. I also concur in the remainder of that decision, holding that neither the principal nor the income of the priesthood trust fund can be called upon to supply a deficiency existing in any other trust fund, or to pay the expenses of this or any other prior proceeding. The exceptions of the executor in this regard are sustained. In other respects the report of the referee will be confirmed. Submit a new decree upon notice, in accordance with this decision.

Exceptions sustained, and report of referee confirmed.