(33 Misc. Rep. 701.)

### PFISTER v. WRITER et al.

(Supreme Court, Special Term, New York County. January, 1901.)

1. WILLS—CONSTRUCTION—REMAINDERS—VESTING.
   A testator disposed of the residuary estate as follows: "All of the residue of my estate I direct my executors to invest during the life of my wife, and. pay the income thereon to her. * * * At the death of my said wife I give the residue of my estate to my daughter, her heirs and: assigns, forever. * * * In case of the death of my daughter without leaving a child or children surviving her, then I give the residue of my estate to my three nieces." Held, that the daughter took an estate which. vested on the testator's death, but which was liable to be devested in case she died without leaving a child surviving her before the death of her mother, and, the daughter having 'died childless before her mother, the nieces of the testator, and not the daughter's heirs, became entitled to the residuary estate.

2. EXECUTORS AND ADMINISTRATORS—ACTION FOR ACCOUNTING—SURROGATE'S. DECREE OF DISTRIBUTION—CONCLUSIVENESS.
   A surrogate's decree, directing executors to pay over the residuary estate, rendered before the period of distribution has arrived, and without the knowledge. or consent of parties who are entitled to a share in such estate, is not a bar to an equitable action by them against the executors for an accounting.

3. SAME—JURISDICTION.
   A court of equity has jurisdiction of an action by residuary legatees against executors for an accounting, where the fund to which plaintiffs are entitled is held by parties to whom it has been paid under a decree of distribution which is not binding on plaintiffs.

Action by Frank J. Pfister against Theodore Writer, individually and as executor, and others, for an accounting. Defendants demurred to the complaint. Overruled.

Edwin S. Hunt, for plaintiff.

John C. R. Taylor, for defendants Smith and Beebe, individually and as executors of Eleanor Willis, and Smith, as administrator, etc.,. of Harriet R. Reed.

LAWRENCE, J. This action is brought to obtain an accounting for the residuary estate of Hiram Willis, deceased, to which the. plaintiff claims his assignors became entitled under the will of Willis. upon the death of his wife, Eleanor Willis. The complaint alleges that on June 26, 1889, the testator died leaving a will and codicil, wherein he appointed the defendants Writer and Beebe his executors. This will and codicil were admitted to probate by the surrogate of the county of Orange, and letters testamentary thereupon were issued to Writer and Beebe. By his will, as subsequently amended by the codicil, the testator disposed of the residuary estate as follows:

"All the rest, residue, and remainder of my estate I order and direct my executors, or the one qualifying or surviving, to invest and keep the same invested for and during the term of the life of my beloved wife aforesaid, and pay the income and interest thereon to her when they shall receive the. same. * * * At the death of my said wife, I give and bequeath the said rest and residue of my estate to my said daughter, her heirs and assigns, forever. * * * In case of the death of my said daughter, Henrietta S. Reed, without leaving, her surviving, a child or children, then, and in such case, I give and bequeath the said rest and residue of my estate as follows: To.

Mrs. Esther Still, formerly Tymeson, I give and bequeath the sum of $100. The balance of said rest and residue I give and bequeath to my said three nieces, Amarentha E. Ellison, Parmelia Jane Prentice, and Frances R. Prentice, share and share.alike, and the survivor of them."

These nieces are the assignors of the plaintiff. On July 28, 1890, a decree was made by the surrogate of Orange county, judicially settling the accounts of the defendants Writer and Beebe as such executors. This decree adjudged that the balance in the hands of the executors after the payment of all debts and legacies was $1,699.96 in cash, and also a bond and mortgage of $4,000, made by one Crause, being a purchase-money mortgage received by the executors upon the sale by them of certain real property belonging to the testator. Of this balance, the sum of $3,699.96 was the residuary estate to be disposed of. The testator at the time of his death was 79 years of age. He left, him surviving, his. widow, Eleanor Willis, and a married daughter, Henrietta S. Reed, who was his only surviving descendant. It further appears from the complaint that the plaintiff's assignors, Ellison, Parmelia Prentice, and Frances Prentice, were nieces of the testator, and prior to the death of their mother, the testator's sister, he promised her to be a friend to them and to look after their welfare; that these nieces were members of the testator's family for many years, living in his house, and were dependent upon his bounty for their support. Mrs. Reed, the testator's daughter, was, at the time of the making of the will and codicil, and thereafter, childless. It further appears that, at the time of the entry of the decree of July 28, 1890, aforesaid, there was inserted therein the following clause:

"And it is further ordered that the said executors invest and keep invested the remainder of said estate during the life of the said Eleanor Willis, and pay the net income and interest to her when received by them, and upon her decease said executors are directed to pay the said balance of $5,699.96 to the said Henrietta S. Reed, her executors, administrators, or assigns."

The plaintiff's assignors were duly cited in the accounting proceeding in which the decree was entered, but did not appear therein, and had no notice or knowledge of this particular provision in the decree until long after the death of the widow, Eleanor Willis. It further appears that on September 26, 1896, Mrs. Reed, the daughter, died intestate, leaving her mother, the testator's widow, Mrs. Willis, her only next of kin, her husband having died prior to that time; that on or about the 5th day of October, 1896, letters of administration upon her estate were duly issued and granted to her mother, the said Eleanor Willis, widow of Hiram Willis, deceased, by the surrogate of the county of Orange. It is further alleged that thereafter, and on January 9, 1899, on application of the executors, Writer and Beebe, an order was made by the surrogate of Orange county, as follows:

"And it is ordered and decreed that the prayer of said petition be granted; that said executors turn over to said Eleanor Willis, as administratrix of Henrietta S. Reed, the bond and mortgage mentioned in said petition, upon which there is now due and owing the sum of $3,600, with all accrued interest thereon, by deed of assignment, and that they transfer or pay to her, as such administratrix, the· moneys on deposit in the Orange County Trust & Safe-

Deposit Company of Middletown, being the sum of $2,099.96, with any interest which may have accrued·thereon, less any disbursements or commissions due thereon, and a reasonable counsel and attorney's fee for this or any prior proceedings herein, now owing by them; take receipts for all their doings under this decree, and file the same with this court; and, upon compliance with this decree, the said executors are forever discharged from their trust as executors of the last will and testament of said Hiram Willis, deceased."

It is further alleged in the complaint that the plaintiff's assignors had no notice or knowledge of the entry of said order or decree, or of any of the provisions thereof, until long after such payment and transfer had in fact been made, and not until shortly before the commencement of this action. It is further alleged that thereafter, and on January 13, 1899, the executors, Writer and Beebe, paid over to the widow, Mrs. Willis, the sum of $1,972.36 in cash, and assigned to her the Crause bond and mortgage, upon which there was then due the sum of $3,600, which amounts included the sum of $3,699.96, the residuary estate disposed of by the testator, Hiram Willis, in the provisions of his will and codicil. It is further alleged that thereafter, and on February 26, 1900, Mrs. Willis, the widow, died, leaving a will wherein she appointed the defendants Beebe and Smith her executors, and on March 26, 1900, the will was admitted to probate by the surrogate of the county of Orange, and letters testamentary granted to Beebe and Smith; and that on April 13, 1900, letters of administration de bonis non of Mrs. Reed, deceased, were issued by the surrogate of the county of Orange to the defendant Smith, who duly qualified as such administrator; also that, before the commencement of this action, the plaintiff's assignors demanded of the defendants Beebe and Smith that, individually and as executors of the estate of Mrs. Willis, deceased, they account for and pay over to them the residuary estate of the testator, amounting to the sum of $3,699.96, which they neglected and refused to do; and that a similar demand was made by the plaintiff's assignors upon the defendants Writer and Beebe, as executors of the estate of the testator, Hiram Willis, and that they have also refused to account and pay over the amount of said residuary estate; also that the plaintiff's assignors demanded of the defendants Writer and Beebe, as executors of the estate of the testator, that they institute such legal proceedings as might be necessary and proper to recover such residuary estate from the persons in whose hands the same might be, for the benefit of plaintiff's assignors, which demand was refused. Judgment is therefore demanded (1) that the defendants Writer and Beebe, as executors and trustees under the will of the testator, account for and pay over to the plaintiff the amount of his residuary estate which shall be found due upon an accounting, with interest; (2) that the defendants Beebe and Smith, individually and as executors of the estate of Mrs. Willis, deceased, account for such residuary estate which came into their hands, and pay over to the plaintiff the amount which shall be found due upon an accounting, with interest; (3) that· the plaintiff may have such further relief as may be just. Demurrers to the complaint have been interposed by the defendants Beebe and Writer, individually and also as executors of the testator, Hiram Willis, and by the defendants Beebe and Smith, individ-

ually and as executors of Eleanor Willis, the widow, and by the defendant Smith, as administrator de bonis non of the estate of Henrietta S. Reed, the daughter, on the grounds: First, that the court has no jurisdiction of the subject of the action; and, second, that the complaint does not state facts sufficient to constitute a cause of action. As to the second ground of demurrer, it is well settled that the rule of construction that when there is a bequest to one person, and, in case of his death without issue, to another, the contingency referred to is the death in the lifetime of the testator, has only a limited operation, and cannot be extended to a case where a point of time is mentioned other than the death of the testator to which the contingency can be referred, or to a case where a life estate intervenes, or where the context of the will contains language evincing a contrary intent. In re Denton, 137 N. Y. 428–433, 33 N. E. 482, and cases cited; In re Baer, 147 N. Y. 348, 41 N. E. 702; Flanagan v. Staples, 28 App. Div. 319, 51 N. Y. Supp. 10. I am of the opinion, on these authorities, that Mrs. Reed, the daughter, took an estate which vested on the death of the testator, Hiram Willis, but which was liable to be devested in case she died without leaving a child surviving her before the death of her mother. The language of the will is explicit on this point. The death of the wife is made by the will the time of the final distribution of the estate, and, as the daughter died childless before her mother, the nieces of the testator, the plaintiff's assignors, became entitled to the residuary estate. It cannot be said, I think, that there is anything in the will which evinces an intent on the part of the testator that the residuary estate, in the event of his daughter's death without leaving children surviving her during her mother's life, should go to the daughter's heirs or next of kin, and that the case is therefore brought within one of those exceptions to the rule referred to in Re Denton, supra, and Re Baer, supra. It is quite apparent, from the context of the will, that the testator did not intend merely to provide against the lapse of the legacy. This is shown by the disposition which he makes of the $2,000 in his codicil, which sum is to go to the daughter absolutely upon her mother's death. There is no gift over in respect to that sum in the event of the daughter's death without issue before her mother, whereas the bequest of the residuary estate, as above stated, is subject to be devested and is to go to the nieces in the event of the daughter's death before her mother without issue. As to the second ground of demurrer, I am of opinion, therefore, that the defendants must fail. As to the first ground of demurrer, I am of the opinion that the decree of the surrogate of Orange county, made on the 28th of July, 1890, directing the executors of Hiram Willis to pay over the residuary estate to the daughter, Mrs. Reed, is not a bar to this action, and does not deprive this court of jurisdiction. The period for the distribution of the residuary estate had not then arrived, as the widow and the daughter were then both living, and it could not then be determined to whom the residuary estate was to go. See Code Civ. Proc. § 2743; In re McCahill, 29 Misc. Rep. 450, 61 N. Y. Supp. 1071, and cases cited.

Although the nieces, from whom the plaintiff derives his title, were

cited to an accounting, it is alleged in the complaint that this provision in the decree was made without their knowledge or consent; and, as the period for the final distribution had not arrived, I do not think, under the authorities above cited, that it was competent for the surrogate to make such a decree without their consent. As to the decree of January 13, 1899, under which the executors of Hiram Willis paid over the residuary estate of their testator to Eleanor Willis, the complaint alleges that the plaintiff's assignors had no notice or knowledge of its entry until long after the payment had been made, and not until shortly before the commencement of this action, all of them having resided for several years last past in the state of Pennsylvania. They cannot, therefore, be bound by it. I am further of the opinion that this court has jurisdiction of the action, and that an application to the surrogate's court would not afford the plaintiff the equitable relief which he seeks. The defendants, on the allegations in the complaint, have in their possession personal property belonging to him. They claim to hold it under the orders or decrees of the surrogate's court, which, on those allegations, are not binding upon him. They hold it, therefore, assuming those allegations to be true, as we must upon demurrer, as a trust fund to which the plaintiff is entitled, and all the parties are before the court. Van Rensselaer v. Van Rensselaer, 113 N. Y. 208, 21 N. E. 75. The case of Brown v. Wheeler, 53 App. Div. 6, 65 N. Y. Supp. 436, which is relied upon by defendants' counsel, is distinguishable from this case in the important fact that the plaintiff in that action had consented to the decree. See 53 App. Div. 7, 65 N. Y. Supp. 436. It is also distinguishable from the case before me in the important fact that the charitable society, which was to receive the principal fund upon the death of the life beneficiary, was a known and existing institution, and there the event, on the happening of which the corporation was to take possession, could not be said to be uncertain. Some other questions are presented in the briefs handed in on the argument of the demurrers, but it is unnecessary to consider them, and, for the reasons above stated, I am of the opinion that the demurrer should be overruled, with costs to the plaintiff, with leave to the defendants to answer over upon payment of costs.

Ordered accordingly.