(38 Misc. Rep. 693.)            COON v. COON et al.

(Supreme Court, Trial Term, Columbia County.   October, 1902.)

1. WILL—CONSTRUCTION—VESTED ESTATE.
    Testatrix gave a life estate in her farm to a daughter, E., with remainder on the death of E. to her three sons. The will further provided that, if any of them died without legal heirs, the farm should pass to the living sons. E. died, leaving the sons surviving, one of whom died thereafter, disposing of his share by will. Held, that the remainder

vested absolutely on the death of E., so as to authorize the disposition.

**2. SAME.**

Where a will is susceptible of two constructions, that which would illegally suspend the power of alienation will not be sustained.

Action by Maggie Coon against Homer F. Coon and others to partition a farm. Judgment as prayed.

The property was held under a will of Catherine Finkle, providing as follows: "I give and bequeath to my daughter Eunice, wife of Leonard Coon, the use and occupation of my farm of land on which I now reside for and during the term of her natural life, subject to the maintenance and support of Silas Wilkinson as directed in item second; and, after the death of my daughter Eunice, then I give and devise the said farm of land to the three sons of my daughter Eunice, viz., Silas Wilkinson, Homer F. Coon, and Theodore L. Coon, to their heirs and assigns, forever. I further direct, in case of either or any of the above-named sons of my said daughter Eunice should die without legal heirs, then the said farm of land shall be given to either, or to those who are living, to their heirs and assigns, forever." Eunice Coon, the life tenant, died in 1900, survived by her three sons. In 1901 Theodore L. Coon, one of these sons, died without descendants, leaving by will his interest in the farm in question to the plaintiff herein and to the defendant May McMann.

J. D. Bell, for plaintiff.

Frank Eno, for defendant Homer F. Coon.

Edward F. McCormick, for defendant Silas Wilkinson.

Claudius Rockefeller, guardian ad litem for infant defendant May McMann.

COCHRANE, J.   It is a "well-established general rule of construction that where there is a devise to one person in fee, and in case of his death to another, the contingency referred to is the death of the first-named devisee during the lifetime of the testator, and that if such devisee survives the testator he takes an absolute fee."   In re Cramer, 170 N. Y. 275, 63 N. E. 279.   The defendants Homer F. Coon and Silas Wilkinson contend that this rule has no application here, because of the existence of the prior life estate of Eunice Coon.   In Re Denton, 137 N. Y. 433, 33 N. E. 482, it was said:

"This rule has only a limited operation, and cannot be extended to a case where a point of time is mentioned other than the death of the testator, to which the contingency can be referred, or to a case where a life estate intervenes, or where the context of the will contains language evincing a contrary intent."

In Re Baer, 147 N. Y. 354, 41 N. E. 702, it was said:

"The rule is never permitted to operate in a case where, as here, a point of time for distribution is mentioned, other than the death of the testator, or where a life estate intervenes, or where the context of the will contains language indicating a contrary intent."

These cases, however, and others cited, do not support the contention that the contingency of death without issue refers to a death at any time, but they hold that such contingency should be referred to the death of the life tenant, rather than to the death of the testator.

Applying the principles above mentioned, therefore, to the present case, I think the contingency of death without issue of any of the three sons of Eunice Coon should be referred to her death, and not to

the death of the testatrix. The time of distribution or division of the farm in question is clearly fixed as being the occasion of the death of the life tenant, Eunice Coon. After giving her the use for life of the farm, the testatrix continues as follows:

"And after the death of my daughter Eunice, then [i. e., at that time] I give and devise the said farm of land to the three sons of my daughter Eunice, * * * their heirs and assigns, forever."

And the death without issue of any of the sons must be referred to this latter event.

It was stated in Re Denton, supra:

"The contingency plainly refers to the time when each part of the residue becomes distributable. The life estate of the wife and daughter intervenes before the event can be finally determined upon which the contingency depends."

In Fowler v. Ingersoll, 127 N. Y. 478, 28 N. E. 471, the court said that in the case of a life estate—

"The presumption would be that the words of contingency referred to the event which would determine the life estate. The rule is so stated in 2 Jarm. Wills (5th Ed.) p. 759."

In Re New York, L. & W. Ry. Co., 105 N. Y. 92, 11 N. E. 492, 59 Am. Rep. 478, the court, in explaining the reason for the rule, said:

"The reason assigned for this construction has been that as death is a certain event, and the time only is contingent, the words of contingency in a devise of this description can only be satisfied by referring them to a death before some particular period, and, no other being mentioned, the time referred to must be presumed to have been the testator's own death."

In this case another period is mentioned, viz., the death of the life tenant. All provisions of the will are therefore fully harmonized, and the legal provisions invoked by both sides to this controversy are made fully applicable by a construction referring the contingency of Theodore's death without issue to the event of the termination of the life estate of his mother, Eunice Coon. There is nothing in the context of this will to indicate an intention on the part of the testatrix different from what is imported by the legal meaning of the words used. The fact that at the time this will was made the testatrix was an aged woman, and that Theodore L. Coon was only eight or ten years of age, is a strong circumstance tending to show that the testatrix did not intend that the contingency of Theodore's death without issue should be limited to a time prior to her own death; but it has no significance in a case like this, where an intervening life estate is created, on the determination of which the contingency above alluded to should be referred.

But there is another cogent reason why this will should receive such a construction. The effect of the interpretation contended for by the defendants Homer F. Coon and Silas Wilkinson would be to invalidate, in part, the will. If the title to the real estate did not vest absolutely, on the death of Eunice, in her three sons, the absolute power of alienation was manifestly suspended for more than two lives, namely, the life of Eunice Coon and of two of her sons. Real Property Law (Laws 1896, c. 547) §§ 32, 33. And where a clause in a will is susceptible of two constructions, one of which will render it valid,

and the other invalid, the former will be adopted. Roe v. Vingut,
117 N. Y. 204, 22 N. E. 933; Crozier v. Bray, 120 N. Y. 366, 24 N. E.
712; Matteson v. Palser, 56 App. Div. 95, 67 N. Y. Supp. 612.

It follows that Theodore L. Coon, having survived the life tenancy
of his mother, became vested in fee with an undivided one-third of
the farm in question, which passed under his will to the plaintiff and
to the defendant May McMann. Judgment accordingly.