IN RE ESTATE OF GEORGE HEKEL.

*Roy A. Cook*, for appellants.

*Fred A. Harrison* and *W. A. Cook*, for administrator of estate of Mary Timson, appellee.

*R. J. O'Brien* and *M. A. Smith*, for R. B. Raines, executor estate of George Hekel, appellee.

EVANS, J.—George Hekel died testate, on December 18, 1924, leaving no surviving spouse or children. By the second and third paragraphs of his will he bequeathed $3,500 of his estate. The fourth paragraph was as follows:

"Fourth. I give, devise and bequeath all the rest, residue and remainder of my estate both real and personal unto R. B. Raines in trust however for the following purposes: The said Raines is to keep the same invested, five hundred dollars of the principal as an annuity to my sister, Mary Timson, during her lifetime payable as follows: Five hundred dollars on the first day of January following my decease and said sum of five hundred dollars of principal and the interest on the principal sum on the first day of January of each year thereafter until her death or until the fund is exhausted. Should any of said property not be distributed as herein set forth during the lifetime of my said sister, the same shall be distributed at her death to my nephews, Fred Klotz, Louis F. Klotz, George Klotz, Joe Hekel, John Hekel, Julius Hekel, Edward Neindorf and George Neindorf."

It will be noted from the foregoing that the corpus of the net estate of the testator over and above $3,500 was bequeathed in trust to Raines, to the use of Mary Timson, sister of the testator, and to be paid to her in the form of annuities on each first day of January succeeding the death of the testator. The annuity on each such date was to be the accrued interest on the principal sum, and $500 of the principal. The first annuity

became due on January 1, 1925, and the second on January 1, 1926. Mary Timson died in March, 1926, without having received from the trustee any portion of the annuities due her. Her administrator now claims from this executor and trustee the respective amounts which should have been paid as annuities on the dates named. The district court sustained his claim, and held, in effect, that the right of Mary Timson to each annuity vested on the date that the annuity became due.

The appellee has filed no argument. The appellants are the certain nephews named as residuary legatees. They predicate argument upon a single authority, being the case of *In re Denton*, decided by the New York Court of Appeals, 137 N. Y. 428 (33 N. E. 482). Without reviewing the cited authority, it is sufficient to say that we have held to the contrary in *Johnson v. Coler*, 187 Iowa 734. We think the district court properly construed the will.

Its order is, accordingly,—*Affirmed.*

STEVENS, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.