### CROMWELL v. CROMWELL et al.

(Supreme Court, Appellate Division, Second Department. November 23, 1900.)

WILLS—CODICILS—CONSTRUCTION.

> A testator devised property to his son in fee, and in the second codicil to the will made provision for the case of his son's death before his. Thereafter, after the birth of a grandson, the testator made a fourth codicil, which provided that on the death of the son the testator gave and devised the property to the grandson. *Held,* that "on the death of my son" did not mean "in case of" the son's death during the testator's life, since the second codicil provided for that contingency, and hence the will gave the property to the son for his life, and then to the grandson in fee, since to hold the codicil void, as repugnant to the plain intent of the testator as expressed in the will, would not give force to all the provisions of the will.

Appeal from special term, Westchester county.

Action by Oliver E. Cromwell, individually and as executor of the last will and testament of Charles T. Cromwell, against Oliver E. Cromwell, Jr., and others, for the construction of the will. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, and JENKS, JJ.

Frank E. Blackwell, for appellant.
George B. Covington, for respondents.

JENKS, J. The testator executed the will in 1890. He devised his residence, known as "Island Home," as an establishment, to his only son, Oliver, in fee. In 1893 he executed the fourth codicil, that provided:

"On the death of my said son, Oliver, I give and devise to my said grand-son, Oliver E., his heirs and assigns, my property or premises in the said town of Rye known as 'Island Home,' Manursing Island, and the appurtenances thereto belonging."

The plain, ordinary meaning of the words relating to the residence is that in 1890 he devised it, furnished for living, to his son, in fee, and that in 1893 he gave it to his son for life, and then to his son's son in fee. We find the intent of a testator from his language, lightened, too, by the surrounding circumstances. Byrnes v. Stilwell, 103 N. Y. 453, 458, 9 N. E. 241. The circumstances in this case afford a reason for this alteration in the scheme of the testator. When the will was executed, Oliver, the son, did not have issue; and not until after the execution of the third codicil, but before the fourth codicil, was a son born to him. The birth of the grandson, Oliver E., was the first assurance of the continuance of the family name. It would appear then that the testator, possessed of considerable wealth, intended to keep the residence in the line of succession, so far as the statute suffered it. But the son insists that the true construction of the will and of the codicil still leaves the fee in him, and this is the sole question presented by the appeal. The rules which he invokes are well recognized, but his difficulty lies in their application. Thus, words of condition or limitation, repugnant to the plain intent of the testator, already declared, that a devise shall be in fee, are held void. But, of course, this rule does not apply to defeat a plain change of the character of the estate theretofore devised; otherwise, the prior expression would control, the subsequent provision would be nullified, and so all of the provisions of a will would not be considered. In Freeman v. Coit, 96 N. Y. 63, 67, the court say:

"It is undoubtedly true that an interest given in one clause of a will in terms denoting an absolute estate may, by force of a subsequent clause, be qualified by a limitation over in a certain event, or be cut down, or made to take effect only on a contingency. This is but the application of a familiar rule,—that the construction of a will or other instrument is to be made upon the whole words, and not upon a part only, and that a particular word or clause may, in the light of other words or clauses, mean more or less than it imports, considered singly or by itself alone."

We are not confronted with a question of the interpretation of apparently repugnant provisions in one and the same sentence or paragraph or instrument. While the codicil republishes the will, and while it and its codicils must be construed together, yet the purpose of a codicil is to add to or to qualify a will; and, where the will and the codicil are inconsistent, the codicil controls, so far as to give it full effect, and the "presumption in such a case is much stronger than in the case of a latter clause in the same instrument." Crozier v. Bray, 120 N. Y. 366, 375, 24 N. E. 712. The testator did not employ words necessarily implying a contingency. The words of the codicil are, "On the death of my son, I give and devise." "On" means "at the death of my son," or "upon the death of my son," and is not synonymous with "in the event of the death of my son," or similar phrases. Constable v. Bull, 3 De Gex & S. 411; In re Adam's Trusts, 14 Wkly. Rep. 18; Joslin v. Hammond, 3 Mylne & K. 110; Reid v. Reid, 25 Beav. 469. The familiar rule of construction invoked by the appellant, that in a devise to one person in fee, and in case of his death to another, the death referred to is that of the first devisee during the life of the testator, is one of necessity. Death is certain, and time only is contingent. Therefore, if contingency apply to a certainty, the certainty must be limited to some period; and that period, in the absence of all indication, is presumed to be the lifetime of the testator. In re New York, L. & W. Ry. Co., 105 N. Y. 89, 11 N. E. 492; Vanderzee v. Slingerland, 103 N. Y. 47, 8 N. E. 247; Fowler v. Ingersoll, 127 N. Y. 472, 28 N. E. 471; Jarm. Wills, 1564, 1569. This rule, as one ex necessitate, is sharply limited. In Re Denton, 137 N. Y. 428, 33 N. E. 482, the court say:

"But this rule has only a limited operation, and cannot be extended to a case where a point of time is mentioned other than the death of the testator, or to a case where a life estate intervenes, or where the context of the will contains language evincing a contrary intent."

In Mead v. Maben, 131 N. Y. 255, 30 N. E. 98, the court say:

"In all the authorities which are referred to on the subject of the application of the general rule above referred to, the courts (as, indeed, does Mr. Jarman, upon the authority of whom the courts have more or less relied) assume that the context of the will is silent, and that the instrument contains nothing indicating an intention which interferes with the application of this rule."

See, too, In re Baer, 147 N. Y. 348, 41 N. E. 702.

In Vanderzee v. Slingerland, supra, the court say:

"Indeed, the tendency is to lay hold of slight circumstances in the will to vary the construction, and to give effect to the language according to its natural import."

Before the execution of the second codicil the testator had already made clear provision for the descent in case of the death of his son before his own death. When the testator sought to provide for the contingency of the death of his childen, or either of them, during his lifetime, he used plain and unambiguous language. Thus, in the second paragraph of the second codicil, he writes, "In the event that my children, or either of them, shall depart this life before my death, I hereby give * * *." When it is claimed that

he but expresses the same intent by the words of this fourth codicil, the difference in the language employed is entitled to consideration. Mullarky v. Sullivan, 136 N. Y. 227, 231, 32 N. E. 762.

We have examined the cases cited by the appellant, and none of them is a precedent here. They are, for the most part, decisions which declare familiar rules of construction, and apply them to the particular language up for interpretation or construction; but the various expressions either imply plain contingency, or are contained in the same sentence, or have not to be considered with other expressions of the testator which take the case then in hand without the particular rule. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.