Judgment affirmed, with costs. All concur.

---

(34 Misc. Rep. 10.)

## In re KING et al.

(Supreme Court, Special Term, New York County. February, 1901.)

1. ATTORNEY AND CLIENT—LIEN FOR SERVICES RENDERED—TRUST FUNDS.
    Under Code Civ. Proc. § 66, providing that an attorney has a lien on his client's cause of action and the proceeds thereof, in whosoever's hands they may come, for his compensation, attorneys were entitled to a lien for their services on trust funds belonging to an estate, which they collected from a defaulting trustee of the estate.

2. SAME—PROPERLY ASCERTAINED IN STATE WHERE RETAINER WAS EFFECTED.
     Where attorneys were retained by the trustee of a New Jersey estate
     to recover trust bonds wrongfully hypothecated in New York, it was
     proper that the lien for their services be ascertained and declared in the
     latter state, the property recovered being there, and the retainer having
     been effected within the state.

Application by David Bennett King and another to enforce an
attorney's lien. Granted.

King & Jessup, in pro. per.

Jerolomon & Arrowsmith, for trustee.

BLANCHARD, J. This is an application by attorneys at law to
have their lien declared and ascertained under section 66 of the
Code. It appears that the petitioners herein rendered certain valu-
able legal services as attorneys for one Theodore C. English, as
trustee, substituted for Isaac H. Williamson, as trustee, under the
last will of Benjamin Williamson, deceased. The services were ren-
dered in an action instituted in the supreme court of this state.
Benjamin Williamson's will was probated in the state of New Jersey,
and Isaac H. Williamson was appointed trustee under said will.
He brought the trust securities into this state, and wrongfully hy-
pothecated them here. Theodore C. English, a resident of New Jer-
sey, was subsequently substituted as trustee by the orphans' court
of Union county, N. J. He retained the petitioners in this state
for the purpose of recovering the hypothecated trust securities. The
fees of petitioners were made contingent upon their success, by agree-
ment with the said trustee. As a result of over four years of liti-
gation, the petitioners have been successful in recovering for the
trust estate securities of considerable value, now lodged in a trust
company in this city, which securities are the results of petitioners'
efforts and services as attorneys in that litigation. The trustee
now desires to remove the securities into the state of New Jersey,
having refused to meet petitioners' demand for compensation for
services rendered. Petitioners seek the assistance of this court, and
ask that their lien be ascertained by a reference, and that sufficient
securities be sold to satisfy such lien. The trustee claims that there
can be no lien on the property in question, because it is trust prop-
erty, and must be applied by him for the purposes of the trust, as
provided under the will of decedent; that the trustee cannot trans-
fer or incumber the trust estate; and that, therefore, the court
should not permit it to be done by sustaining the attorney's lien.
A number of cases are cited which hold that a contract made by a
foreign executor or administrator for the benefit of the estate does
not bind or create a charge upon the assets in his hands, but these
are not applicable to this case, as is pointed out by the court of ap-
peals in Re Knapp, 85 N. Y. 284, 297. There an attorney's lien for
his compensation for professional services rendered to an executor
of an estate on property belonging to the estate, received by him
on behalf of the estate, is expressly recognized and acknowledged,
and the history of the establishment of the lien is set forth, with
the reasons for its existence, in an able opinion by Judge Danforth.

In the case of Lee v. Van Voorhis, 78 Hun, 575, 579, 29 N. Y. Supp. 571, 574, an executor of an estate sought by a substantially similar objection to that here interposed by the trustee to defeat the lien of an attorney, under section 66 of the Code, by claiming that the property did not belong to her as executor. In this connection, Judge Haight said: "We cannot assent to this interpretation of the provision. It would, in many cases, operate to deprive the attorney of any compensation whatever; for he has no claim against the estate, and the administrator may be insolvent." The right of a trustee to charge the trust estate in such a case as this would seem to have been recognized in New v. Nicoll, 73 N. Y. 127, 130, and Noyes v. Blakeman, 6 N. Y. 567. The petitioners rendered their services upon the faith of the fund sought to be recovered. It was the duty of the trustee to endeavor to recover the property. It would be highly inequitable and manifestly unfair to permit the removal from the state of this property, recovered as a result of petitioners' skill and labor, without allowing therefrom an amount to cover petitioners' compensation. An attorney's lien was recognized at common law, and section 66 gives to an attorney, by express provision, a statutory right to enforce his claims out of the proceeds of the litigation recovered as a result of his successful efforts. To the extent of the value of services rendered on the agreed compensation, an attorney has been considered by the courts as an equitable assignee of the fund recovered. Martin v. Hawks, 15 Johns. 405, 407; Marshall v. Meech, 51 N. Y. 140, 143. The other objection raised by the trustee, that the compensation of the attorneys should be fixed by the courts of New Jersey, because it is there that the trustee must account, is without force. The contract of retainer was made in this state. The property is here, and the action was brought here, and the services rendered here, and the trustee is properly before this court. There is no reason to believe that upon an accounting of the trustee in New Jersey he would not be allowed for whatever amount the courts of this state should determine was properly due to petitioners. A spirit of comity, if not the constitutional provision that "full faith and credit" shall be given to the decisions of the courts of this state, would undoubtedly secure to the trustee whatever rights he was entitled to receive. Lord Kenyon, many years ago, gave expression to the principle, here properly applied (Read v. Dupper, 6 Term R. 362, approved in Rooney v. Railroad Co., 18 N. Y. 368, 372): "A party should not run away with the fruits of a cause without satisfying the legal demands of his attorney, by whose industry, and in many instances at whose expense, those fruits are obtained." The application should be granted, with costs. Present order upon notice for a reference to hear and determine the claim.

Application granted, with costs.