In the Matter of the Accounting of EMMA E. CRAMER, Appellant, as General Guardian of GRACE E. CRAMER, Deceased. MYRTLE CRAMER, Respondent.

WILL. A will giving all of testatrix's property, both real and personal, to two specified great-grandchildren, share and share alike, and providing that in case of the death of either without "heir or heirs" the share of the deceased great-grandchild should go to the survivor, does not refer to a death in the lifetime of the testatrix so that the beneficiaries if they survive her take an absolute estate which upon their deaths will pass to their heirs at law and next of kin, but the property vests contingently in them on the death of the testatrix, subject to the death of one or the other, in which event the share of the deceased beneficiary, if she die without heir or heirs of her body, is divested and vests absolutely in the survivor.

*Matter of Cramer*, 59 App. Div. 541, affirmed.

(Argued February 21, 1902; decided April 1, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 5, 1901, affirming a decree of the Wayne County Surrogate's Court settling the accounts of Emma E. Cramer as general guardian of Grace E. Cramer, now deceased.

The facts, so far as material, are stated in the opinion.

*Charles McLouth* for appellant. The testator is presumed to use words in their natural and well-defined legal sense. (*Matter of Hallett*, 8 Paige, 375; *Hoyt* v. *Van Schaick*, 3 Barb. Ch. 488; *Lawton* v. *Corlies*, 127 N. Y. 100; *Mowatt* v. *Carow*, 7 Paige, 328; *Bundy* v. *Bundy*, 38 N. Y. 410; *Mullarky* v. *Sullivan*, 136 N. Y. 227.) An heir will not be disinherited except upon an express and plain provision. (*Scott* v. *Gurnsey*, 48 N. Y. 106; Jarman on Wills, 704.) The word "heir" or "heirs" means those who would take in case of intestacy. (*Newcomb* v. *Lush*, 84 Hun, 254; *Bodine* v. *Brown*, 12 App. Div. 325; 154 N. Y. 778.) To exclude heirs, as thus defined, there must be plain intention of restriction, derived from the will. (*Johnson* v. *Brasington*, 156 N. Y. 181; *Simonson* v. *Waller*, 2 App. Div. 503; 156 N. Y.

185.) Except there be an ambiguity, no resort to construction or rules of construction will be had. (*Hinkley* v. *Mayborne*, 92 Hun, 473; *Mullarky* v. *Sullivan*, 136 N. Y. 227; *Ritch* v. *Hawxhurst*, 114 N. Y. 512.) The will gives an immediate estate to Grace and Myrtle, without any variation, which vested at once upon the death of the testator. (*Matter of Talmadge*, 20 Wkly. Dig. 69; *Stokes* v. *Weston*, 142 N. Y. 433.) The words of limitatation in the will of Mrs. Gurnsey are not met by facts which make such limitation operative. (*Newcomb* v. *Lush*, 84 Hun, 254; *Johnson* v. *Brasington*, 156 N. Y. 181; *Snider* v. *Snider*, 11 App. Div. 171; *Bundy* v. *Bundy*, 38 N. Y. 410; *Kiah* v. *Grenier*, 1 T. & C. 388; 56 N. Y. 220; *Bodine* v. *Brown*, 12 App. Div. 238; *Simonson* v. *Waller*, 9 App. Div. 513; *Thurber* v. *Chambers*, 66 N. Y. 42; *Bisson* v. *W. S. R. R. Co.*, 143 N. Y. 125; *Davis* v. *Davis*, 44 Hun, 365.) The use of the word "survivor" does not restrict within the law the use of the word "heir" or "heirs." (*Snider* v. *Snider*, 11 App. Div. 172; *Simonson* v. *Waller*, 9 App. Div. 513; *Johnson* v. *Brasington*, 156 N. Y. 185; *Matter of Greson*, 33 L. J. Ch. 532.) The word survivor must be taken to mean survivor at the death of the testatrix. (*Matter of Talmadge*, 20 Wkly. Dig. 69; *Stokes* v. *Weston*, 69 Hun, 612; *Mowatt* v. *Carow*, 7 Paige, 328; Jarman on Wills, 752, 753; *Mullarky* v. *Sullivan*, 136 N. Y. 227; *Matter of Mahan*, 98 N. Y. 272; *Livingston* v. *Greene*, 52 N. Y. 118; *Moore* v. *Lyons*, 25 Wend. 119; *Converse* v. *Kellogg*, 7 Barb. 590; *Mead* v. *Maben*, 131 N. Y. 255; *Vanderzee* v. *Slingerland*, 103 N. Y. 47.)

*Charles T. Ennis* for respondent. The words "heir or heirs" mean children or descendants of the body and are used in a sense limited or restricted. (*Woodward* v. *James*, 115 N. Y. 358; *Scott* v. *Guernsey*, 48 N. Y. 106; *Hurd* v. *Ashley*, 117 N. Y. 614; *N. Y. L. Ins. Co.* v. *Viele*, 161 N. Y. 11; *Armstrong* v. *Galusha*, 43 App. Div. 248.) Such construction should be given to every part of a will as would preserve and give effect to every part of it. (*Sweet* v. *Chase*, 2

N. Y. 73; *Norris* v. *Beyea*, 13 N. Y. 273; *Chrystie* v. *Phyfe*, 19 N. Y. 344; *Tyson* v. *Blake*, 22 N. Y. 558; *Taggart* v. *Murray*, 56 N. Y. 236.) It is manifest that it was not the intention of the testatrix that the provision referred to either of them dying without issue prior to her decease, but it related to a death which might occur after that of the testatrix. (*Benson* v. *Corbin*, 145 N. Y. 351; *Mead* v. *Maben*, 131 N. Y. 255; *Nellis* v. *Nellis*, 99 N. Y. 505; *Buell* v. *Southwick*, 70 N. Y. 581; *Vanderzee* v. *Slingerland*, 103 N. Y. 47; *Matter of Van Zandt*, 105 N. Y. 89.) The intention of the testatrix being plainly expressed, and the wording of the will being free from ambiguity, the general rule of construction should not apply. (*Matter of Van Zandt*, 105 N. Y. 89; *Washbon* v. *Cope*, 144 N. Y. 287; *Chapman* v. *Moulton*, 8 App. Div. 64.) The devise to Grace gave her a contingent estate in fee, subject to be and which was reduced to a life estate by her death without children. (*Chapman* v. *Moulton*, 8 App. Div. 64.)

BARTLETT, J.   Emma E. Cramer, as the general guardian of her daughter, Grace E. Cramer, deceased, is the appellant in this proceeding, to judicially settle her accounts. The amount involved in this accounting directly is the small sum of $144.80, but the necessary construction of the will presented for our consideration determines the disposition of valuable real estate.

Gennet T. Gurnsey, a widow, aged eighty-five years, executed on the 25th day of September, 1897, her last will and testament. The first subdivision thereof reads as follows: "After the payment of all my just debts and funeral expenses, I give and bequeath to my two great-grandchildren, Gracie and Myrtie Cramer (daughters of Leonard Cramer, deceased) all my personal property, including my household furniture, equally share and share alike. But in case of the death of either of said great-grandchildren, Gracie or Myrtie, without heir or heirs I direct that such share of personal property shall go to the survivor of them." The second subdivision of the

will is like the first in all respects save that it deals with the real estate instead of personal property.

The testatrix died early in 1899, and Grace departed this life on the 26th day of April, 1900. At this latter date Grace was fourteen and Myrtle twelve years of age.

The question decided by the surrogate was as to the disposition to be made of the money which came into the estate of Grace under the will of Gennet T. Gurnsey. It was claimed by her mother and guardian that it should be distributed equally between Myrtle and herself. The surrogate decided that Myrtle, as survivor, took the entire estate which passed to Grace under the will of Gennet T. Gurnsey. The Appellate Division, with a divided court, affirmed the decree of the surrogate.

On application duly made the Appellate Division determined that there were questions of law in the case that ought to be reviewed by this court and certified two questions, as follows:

" (1) Is the sum of money in the said guardian's account, which came to the hands of the guardian, from and under the will of Gennet T. Gurnsey, deceased, distributable as in the decree of the Surrogate's Court provided, to wit, solely to Myrtle Cramer, or in equal shares to Emma E. Cramer, the mother, and Myrtle Cramer, the sister of said Grace E. Cramer ? "

" (2) Did the property of Gennet T. Gurnsey, under the said will, vest in Grace E. Cramer and Myrtle Cramer, at the death of said Gennet T. Gurnsey, so that upon the subsequent death of Grace E. Cramer, such property would descend and be distributable as the property of Grace E. Cramer, intestate, and not as the property of or under the will of said Gennet T. Gurnsey, and without reference thereto ? "

We agree with the prevailing opinion of the learned Appellate Division, and would consider it unnecessary to do more than adopt it were it not for the fact that the questions certified render it necessary to make some general comments upon the case in order to render our answers to the same intelligible.

The appellant rests her claim upon two main propositions, viz.: 1. That Grace having survived the testatrix she became vested absolutely with one-half of the real estate and personal property devised and bequeathed to her by the will.

2. That Grace having died at the age of fourteen years, the said real estate and personal property passed to her mother and her sister Myrtle as her heirs at law and next of kin under the statutes of descent and distribution.

The learned counsel for the appellant states in his brief, in substance, that the will of Mrs. Gurnsey has nothing to do with the case and need not be construed. On the contrary, whether this case is to be decided one way or the other, the conclusion can only be reached after a construction of the will.

In order to sustain the claim that Grace, having survived the testatrix, became vested with her share of the property absolutely, which upon her death passed to her heirs at law and next of kin, it is necessary to establish that the testatrix referred in her will to the death of either great-grandchild in her lifetime.

The language of the will, referring alike to real and personal property, is, "But in case of the death of either of said great-grandchildren, Gracie or Myrtie, without heir, or heirs, I direct that such share   *   *   *   shall go to the survivor of them."

The counsel for the appellant, in support of his position, invokes the well-established general rule of construction that where there is a devise to one person in fee and in case of his death to another, the contingency referred to is the death of the first named devisee during the lifetime of the testator, and that if such devisee survives the testator he takes an absolute fee.

This rule is, however, subject to several important exceptions, one of which is, that it has no application if the will contains language from which a contrary intention on the part of the testator can be ascertained.

In *Vanderzee* v. *Slingerland* (103 N. Y. 47, 55), Judge ANDREWS, referring to this rule and an amplification thereof,

said: "But the rule established by the courts applies only where the context of the will is silent, and offers no indication of intention other than that disclosed by words of absolute gift, followed by a gift over in case of death, or of death without issue, or other specified event. Indeed, the tendency is to lay hold of slight circumstances in a will to vary the construction and to give effect to the language according to its natural import. (*Buel* v. *Southwick,* 70 N. Y. 581; *Nellis* v. *Nellis,* 99 N. Y. 505; *Hennessy* v. *Patterson,* 85 N. Y. 91, 92.) In these and other cases which might be cited, the court found in the context indications of intentions which took them out of the operation of the rule to which we have referred." To the same effect is *Mead* v. *Maben* (131 N. Y. 255, 259); *Stokes* v. *Weston* (142 N. Y. 433, 437) and *Benson* v. *Corbin* (145 N. Y. 351, 359). In the case last referred to, Judge FINCH, in commenting on this rule, said: "While such is the general rule, it is said to maintain its hold somewhat weakly and with a doubtful grasp, and to yield easily to any fact or circumstance indicating a different intention."

We come then to the important and decisive question, whether this clause of the will, creating the contingency, refers to a death in the lifetime of the testatrix or a death before or after that event.

It is to be observed at the outset, in construing this clause, that the testatrix was providing as to the disposition of her entire property, real and personal, in the event one of her great-grandchildren named should die *leaving the other surviving.* This is the circumstance which renders her intention perfectly clear. When she declares in that event the survivor should take if the one dying left no "heir or heirs," she could not have used the words "heir or heirs" in their primary or broader sense as indicating the persons who would take in case of intestacy, but must have employed them in the restricted sense as heirs of the body or descendants, for the very obvious reason that the "survivor" would be an heir of the deceased and could not have been within the contemplation of the testatrix. Such a construction would render the

clause meaningless and absurd. This restricted meaning is given to the words "heir or heirs" when the will discloses the intention to so use them. (*Johnson* v. *Brasington,* 156 N. Y. 181, 185.)

The obvious intention of this testatrix was to leave her entire estate to Grace and Myrtle, and if at any time, before or after her death, either Grace or Myrtle died leaving the other surviving, and without "heir or heirs" of her body, the survivor should take. The testatrix undoubtedly looked forward to a time when these young girls might attain womanhood, marry and have children, in which event the property of the one first dying, which came from testatrix, should go to her children and not to her surviving sister.

In the brief will before us, it is very clear that the testatrix selected these two great-grandchildren and the heirs of their bodies as the sole objects of her bounty.

It follows that the estate, both personal and real, vested in Grace and Myrtle, contingently, on the death of testatrix, subject to being divested and disposed of under the clause we have construed.

Myrtle Cramer is, therefore, entitled to the entire estate, real and personal, which her sister Grace took under the will of her great-grandmother, Gennet T. Gurnsey.

The questions propounded are answered as follows:

(1) Replying to the first question, the money should be distributed as provided in the surrogate's decree.

(2) Replying to the second question, the property of Gennet T. Gurnsey, under her will, vested contingently in Grace E. Cramer and Myrtle Cramer on the death of Gennet T. Gurnsey, subject to the death of one or the other of the beneficiaries, in which event the share of the deceased, if she died without heir or heirs of her body, would be divested and vest absolutely in the survivor.

The judgment appealed from should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, HAIGHT, MARTIN and VANN, JJ., concur; GRAY, J., absent.

Judgment affirmed.