ODELL et al. v. UHL et al.

(Supreme Court, Special Term, Dutchess County. October, 1908.)

1. WILLS (§ 601*)—CONSTRUCTION—GIFT OVER AFTER DEATH OF DEVISEE.
The rule that, in a devise to one person in fee and in case of his death to another, the death referred to is that of the first devisee during the life of the testator, is one of necessity, and does not apply where the context of the will evinces a contrary intent.
[Ed. Note.—For other cases, see Wills, Dec. Dig. § 601.*]

2. WILLS (§ 441*)—CONSTRUCTION—INTENT OF TESTATRIX.
To ascertain the intent of a testatrix, the language of the will must be read in the light of the circumstances under which she used it.
[Ed. Note.—For other cases, see Wills, Cent. Dig. § 958; Dec. Dig. § 441.*]

3. WILLS (§ 601*)—CONSTRUCTION—ESTATES CREATED—FEE SIMPLE.
One item of a will gave land to testatrix's two granddaughters in fee upon testatrix's death, or to one of them upon payment by her to the other of a certain sum. Another item provided that, if either of the granddaughters should die leaving no child, then her share should go to the survivor or her children. A codicil executed two years after the will provided that, if both the granddaughters should die leaving no child, the farm and lot were to go to others. At the time of the will testatrix was 62 years old, and the granddaughters 15 and 6, respectively. *Held* that, in view of the ages of testatrix and the granddaughters, it could not be said that the probability of both granddaughters marrying and having children during testatrix's lifetime was so slight as to indicate an intent on her part to give to the language used any other than its ordinary legal meaning of the death of one or both of the granddaughters within testatrix's lifetime, and, they having both survived her, they took the land in fee simple.
[Ed. Note.—For other cases, see Wills, Dec. Dig. § 601.*]

Action by Inez A. Brill Odell and another against George H. Uhl and others for construction of a will. Will construed.

Frank Hasbrouck, for plaintiffs.
Morschauser & Hoysradt, for defendants.

MILLS, J. This is an action for the construction of the will and codicil of Nancy Uhl, so far as to determine the disposition thereby made of the farm belonging to the testatrix, upon which she resided, and of a detached wood lot, both purporting to be devised by such will and codicil. The will was executed February 13, 1884, and the codicil February 23, 1886. The testatrix died in Dutchess county January 4, 1887, and the will and codicil were duly admitted to probate by the surrogate of that county on the 7th of February, 1887. The following is an abstract of the will and codicil.

First. The will bequeathed to the two plaintiffs, who were granddaughters of the testatrix, all her household goods, furniture, and effects.

Second. By the third paragraph or division of the will the said two granddaughters were given the farm upon which the testatrix resided and a certain detached wood lot. The provisions of such paragraph or division are somewhat involved; but it is clear I think that, taken alone, their effect would have been to vest the farm and wood lot in the two grandchildren in fee upon the death of the testatrix, or in the granddaughter Inez upon the payment by her to the other granddaughter of $4,000, or, in case of the sale of the farm and lot, to vest the proceeds thereof in the two granddaughters. It is unimportant here to consider in greater detail such provisions.

Third. By the fourth paragraph or division of the will the residue of the testatrix's property was given to the two granddaughters "when they shall arrive at the age of twenty-five years."

Fourth. The fifth paragraph of the will was as follows:

"Should either of my granddaughters die leaving no child or children, then I direct the share of such deceased one to go to the surviving one or to her children. It is my earnest desire, and I hereby solicit my granddaughters to ever hold and keep the above bequests in their own right."

Then followed a clause appointing an executor.

Fifth. The codicil, after reciting the will, provided as follows:

"Now, therefore, I do by this my writing which I hereby declare to be a codicil to my last Will and Testament, and to be taken as a part thereof, order and declare that my will is that in case both of my granddaughters should die leaving no child or children, then I give the farm and wood lot I now occupy unto Arthur M. and Geo. H. Uhl, Leonard U. and Mary Vincent and Ralph Vincent share for share alike. Furthermore, in case both of my granddaughters die leaving no child or children, then I give all my personal property unto my brother Edmond P. Hawes, my sister Eliza Lawrence, Samantha Leach and Almira Briggs or their children, per stirpes forever. It is my desire that this codicil be made a part of my last Will and testament to all intents and purposes."

The effect of the codicil plainly was simply to add to the will a devise and bequest over upon the contingency of both granddaughters dying leaving no child or children; whereas, the will contains such devise and bequest over only upon the contingency of one of the two granddaughters dying. The testatrix left at her death personal property in addition to household effects, as well as the farm and wood lot. Both granddaughters survived her and are still living, being the plaintiffs. The personal estate has been administered upon and settled in such Surrogate's Court and paid over to the two granddaughters,

evidently upon the theory that the provisions of the will and codicil gave such to them absolutely upon the death of the testatrix.

The question here to be determined is whether the provisions in the will and codicil, as to the death of either or both of the two grand-daughters, means such death before only or at any time either before or after the death of the testatrix. If they mean such death before that event, then the title of the plaintiffs by the death of the testatrix became absolute, and they can now give a good conveyance of the farm and wood lot; but, if they mean such death at any time, either before or after such event, then the title to the farm and wood lot is still contingent, and they cannot give a good conveyance of the same. The need of such determination arises from the fact that the two grand-daughters have lately attempted to sell the farm and wood lot and their title has been rejected upon the claim that it is at least doubtful under the provisions of the will and codicil by reason of the question above recited. The general rule of construction applicable to this question is well settled, to the effect "that, in a devise to one person in fee and in case of his death to another, the death referred to is that of the first devisee during the life of the testator"; but, as was clearly and concisely stated by the Appellate Division of this department, Mr. Justice Jenks writing, in the case of Cromwell v. Cromwell, 55 App.Div. 103, 66 N. Y. Supp. 1063, affirmed 168 N. Y. 680, 61 N. E. 1128, this rule, being one of necessity, is "sharply limited." One well-recognized limitation is "where the context of the will contains language evincing a contrary intent." In order to ascertain the intent of the testatrix, the language of the will and codicil must be read in the light of the circumstances under which she wrote or used such language. In the Cromwell Case, just cited, the Appellate Division found the contrary intent of the testator indicated by certain expressions used in one of the codicils in view of the circumstances of the testator in making the several codicils. The language being construed, viz., the expression "on the death of my son Oliver," used in the fourth codicil, was held to refer to such death at any time largely for the reason that in other paragraphs, viz., a part of the second codicil where it was clear that the testator intended to refer to a death before his own, he very clearly so stated, using the words "shall depart this life before my death." Also the court found in the will and codicils taken together the clear intent of the testator to keep his residence in the line of family succession so far as the statute suffered it. The fact appeared that a grandson had been born between the making of the third codicil and that of the fourth. Hence the court found that the construction adopted was in harmony with such intent and promotive of its accomplishment. I can find in the will and codicil in this case no expression indicating to my mind any intent on the part of the testatrix that the death of one or both of the grand-daughters referred to should be such death at any time.

The defendants' counsel rely very strongly upon the case of Cramer v. Cramer (First Dept.) 59 App. Div. 541, 69 N. Y. Supp. 299, affirmed 170 N. Y. 271, 63 N. E. 279. That was a case of the will of an old lady who gave all her personal property to two named great grandchildren, with this added provision:

"But in the case of the death of either of said great-grandchildren, Gracie or Myrtie, without heir or heirs, I direct that such share of my personal property shall go to the survivor of them."

At the time when the will in that case was executed, the testatrix was 85 years of age, and the great granddaughter Gracie was 11 years and the great granddaughter Myrtie 9 years. The court, construing such provisions of the will, after holding that the expression "without heir or heirs" meant children or issue, decided that the circumstances of the testatrix, namely, her extreme age and the youth of the beneficiaries, the great granddaughters, at the time of the making of the will, made it utterly improbable that the testatrix could have supposed it possible that the contingency of either great granddaughter having a child could happen within her own lifetime. The court therefore held that she must have intended the death of either great granddaughter at any time; that is, after her own death. It is stoutly urged by the defendants' counsel that the circumstances in this case are so similar as to make the reasoning of the courts in the Cramer Case, just cited, controlling here. It does not seem to me, however, that this contention is sound. In the case here at bar the testatrix, when she made the will, was 62 years of age and only 64 when she made the codicil. She was at both times in good health. The two granddaughters were, respectively, Inez 15 at the date of the will and about 17 at the date of the codicil, and Edith 6 at the time of the will and 8 at the date of the codicil. The testatrix died about a year after making the codicil, being then 65 years of age. It cannot be considered improbable that a woman in good health, 64 years of age, thought that a granddaughter of hers then about 17 years of age might be married and have a child during the woman's lifetime; and, indeed, it cannot be held improbable that she might have entertained the same expectation as to a granddaughter 8 years old at that time. In the case of either of the granddaughters here such contingency might well have happened after the making of the codicil and before the testatrix here became as old as was the testatrix in the Cramer Case when the will there was made. Therefore I perceive nothing either in the language of the will and codicil under consideration or in the circumstances of the testatrix at the time of their making to indicate any intent on her part to give to the language used by her any other than its ordinary legal significance. Indeed, it would seem from the final sentence of the devise over clause of the will, viz., "It is my earnest desire, and I hereby solicit my granddaughters to ever hold and keep the above bequests in their own right," that the testatrix apprehended that, under the provisions of her will, her granddaughters within their lifetime would have the power to absolutely dispose of such bequests, which, of course, would be inconsistent with the view or construction claimed by the defendants.

My conclusion, therefore, is that the provisions of the will and codicil under consideration are to be construed to the effect that the death of one or both of the granddaughters referred to was by the testatrix intended to be such death within her lifetime, and that, therefore, the two granddaughters at the present time are owners of the farm and wood lot in fee and capable of selling and conveying the same by good title.

A decision accordingly may be prepared and submitted.