lack support in statements of counsel as to the contract made by and between their clients. The claim is novel, and, were the question submitted under some auspices, the manner of its presentation might suggest ulterior motives. In the interests of justice, the judgment herein should be reversed, and a new trial ordered, with costs to abide the event.

Judgment reversed, and new trial ordered, with costs to abide the event.

(128 App. Div. 409.)

### CONE v. JENKS.

(Supreme Court, Appellate Division, Fourth Department. November 11, 1908.)

1. WILLS (§ 614*)—CONSTRUCTION—ESTATES CREATED—LIFE ESTATES.

Testator bequeathed all his property to his wife for life, remainder to his grandchild for life, remainder to the heir or heirs of her body, if any, forever, subject to the management of the trustee thereinafter named, provided that, if the grandchild should die without heir or heirs of her body, then remainder to testator's niece and her heirs and assigns forever. Testator then nominated a trustee, whom he directed to invest his property and pay the same over to testator's grandchild when she arrived at the age of 21, or to the heirs of her body, if any, after her decease, but that the property was not to be delivered to her unless she had such heirs. *Held*, that the granddaughter's interest was a life estate, subject to the prior life estate given to the widow, and subject to the trust, which estate might be enlarged to and become a fee provided the granddaughter arrived at 21 years of age and had heirs of her body, and that, though she passed the age of 21, she never having had a child, her interest terminated on her death, and the remainder passed to testator's niece.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1394; Dec. Dig. § 614.*]

2. WILLS (§ 539*)—CONSTRUCTION.

The rule that, when there is a devise to one person in fee and in case of his death to another, the contingency refers to the death of the first-named devisee during the life of the testator, and, if he survives the testator, he takes the fee, rests lightly on the conscience of the court, and does not apply if the will contains language from which a contrary intention of the testator can be ascertained.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1163; Dec. Dig. § 539.*]

Appeal from Special Term, Lewis County.

Action by Duane M. Cone as surviving executor of and trustee under the will of John K. Kent, deceased, against Sarah Jenks, impleaded with Ella Kent for construction of said will. From a judgment construing the will, Sarah Jenks appeals. Modified and affirmed.

The provisions of the will material to the decision of the action are as follows:

"Secondly. I give, devise and bequeath unto my beloved wife Mary E. Kent, the use of all my property, real and personal of every kind and nature for and during the term of her natural life, with the right to dispose of my household furniture as to her shall seem meet and proper, and if the rents issues and profits of said property shall be insufficient, she shall use so much of the personal property as to secure her comfortable support during the said term of her natural life,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Thirdly. From and after the decease of my said wife, I give devise and bequeath all the use of my said property, real and personal, to my grandchild Mary A. Kent, during the term of her natural life, and the remainder, I give to the heir or heirs of her body, (if any) forever subject to the management of the trustee as hereinafter named and mentioned,

"Fourthly. Provided my grandchild shall die without leaving any heir or heirs of her body then in that case, I devise and bequeath all the rest, residue and remainder of my estate after her death, unto my niece Sarah Jenks, and to her heirs and assigns forever.

"Fifthly. I do hereby nominate, constitute and appoint my friend Duane M. Cone, of said Town of Leyden, to be trustee, to take charge of the property herein bequeathed unto my grandchild, to receive and safely invest the same, and apply the interest for the better support and better education of said grandchild, and pay over and deliver the said property to the said grandchild when she arrives at the age of twenty-one years or to the heirs of her body if any, after her decease. But the property is not to be delivered to her unless she has such heirs."

The will then gives the executors power of sale, and directs the application of the proceeds for the purposes of the will, and appoints his wife, Mary E. Kent, and the plaintiff, Duane M. Cone, his executors.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

E. J. Boshart, for appellant.
George S. Reed, for respondent Ella Kent.
Frank Bowman, for respondent Duane M. Cone as trustee, etc.

ROBSON, J.   The testator, John K. Kent, died February 14, 1892, leaving him surviving his widow, Mary E. Kent, and Mary A. Kent, the only child of his deceased son, as his only next of kin and heir at law. Defendant, Sarah Jenks, is a niece of deceased. The granddaughter, Mary A. Kent, at the time of testator's death, was an infant about 12 years of age. She survived Mary E. Kent, testator's widow, who died August 31, 1900. Mary A. Kent died February, 1907, aged 27 years and being unmarried, childless, and intestate. Her only next of kin is her mother, the defendant Ella Kent. After the death of the widow, the surviving executor sold the testator's real estate, and up to the date of the death of Mary A. Kent paid her the income of the estate. He has on hand about $2,200 as the principal of said estate, and now seeks instruction by the court as to whom he shall pay and deliver this fund.

It does not appear that a personal representative of the estate of Mary A. Kent has as yet been appointed. No question is made, however, as to whether the appointment of such a representative and his presence, as a party, are necessary to a complete determination of the action; and we need not now consider that suggestion. We think the interest in testator's estate given by his will to his granddaughter, Mary A. Kent, was a life estate therein, subject to the prior life interest in said estate given to the widow, Mary A. Kent, and subject to the trust therein created by the fifth item of his will, which estate might be enlarged to and become an absolute title to said residuary interest provided she should arrive at the age of 21 years and have heirs of her body, and, though she had passed the age of 21 prior to

her death, yet, never having had a child, her interest in said estate terminated at her death, and the defendant, Sarah Jenks, is now the owner of and entitled to the fund now representing the estate of testator in the hands of the trustee.

The interest in testator's estate to which Sarah Jenks is entitled is given her by the fourth item of his will, and is a gift of the whole residue and remainder of his estate, subject, however, to the proviso. that the grandchild, Mary A. Kent, "shall die without leaving any heir or heirs of her body." It is, of course, the settled rule of construction, as stated by Rapallo, J., in Matter of New York, Lackawanna & Western Ry. Co., 105 N. Y. 89, 11 N. E. 492, 59 Am. Rep. 478:

"That, when there is a devise to one person in fee and in case of his death to another, the contingency referred to is the death of the first-named devisee during the lifetime of the testator, and that, if such devisee survives the testator, he takes an absolute fee."

Also that, when a life estate in another is interposed before such contingent gift, the death referred to is the death of such devisee before the termination of the precedent life estate. Matter of Farmers' Loan & Trust Co., 189 N. Y. 202, 82 N. E. 181. This rule is urged by respondent's counsel as decisive of this case in her favor. But the obligation of applying this rule of construction rests lightly on the conscience of the court, and is itself subject to important exceptions. "It has no application if the will contains language from which a contrary intention on the part of the testator can be ascertained." Matter of Cramer, 170 N. Y. 271–275, 63 N. E. 279, 280. It would seem that such "a contrary intention on the part of the testator" is expressed in his will. It will be observed that the testator nowhere in his will in terms gives to the granddaughter the absolute interest in or title to the residuary estate. It is all the use of the property which is given to her by the third item of the will from and after the decease of testator's wife and subject to the management of the property by the trustee as thereinafter expressed; that is, as expressed by the trust clause, which is the fifth item of the will. In terms she is given simply a life estate in the property. It is urged, however, that the intention of the testator to give her the absolute title to the property, in the event she should survive the widow and attain the age of 21, is apparent from the fact that in the item of the will establishing the trust for her benefit the trustee is directed to "pay over and deliver the said property to the said grandchild when she arrives at the age of twenty-one, or to the heirs of her body, if any, after her decease." It may be that if testator's meaning were to be gathered from this expression alone, and nothing further appeared in the will indicating a different intention, the respondent's position would be correct. But such different expression of intention is clearly shown in the succeeding sentence, which closes the item referred to, by which the testator explicitly directs that the property is not to be delivered to her unless she has "such heirs." In order to sustain respondent's position, we must necessarily disregard this expression of testator's intention. This we are not at liberty to do.

The judgment should be modified in accordance with the foregoing opinion, and, as modified, affirmed, with one bill of costs to appellant and bill of costs to respondent, Duane M. Cone, trustee, etc., payable out of the estate. All concur.