(83 Misc. Rep. 499)

RUSSELL v. FURNESS et al.

(Supreme Court, Trial Term, St. Lawrence County. January, 1914.)

1. WILLS (§ 545*)—LIMITATION OVER ON DEATH WITHOUT ISSUE.
    As a general rule, where real estate is devised in terms denoting that the primary devisee shall take a fee followed by a devise over in case of his death without issue, with nothing in the context of the will to show a contrary intention, the limitation over will be construed as referring to a death without issue in the lifetime of the testator, even though there is a precedent life estate, but slight circumstances in the will will be laid hold of to vary the construction and to give effect to the language according to its natural import.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1171–1176, 1310–1318; Dec. Dig. § 545.*]

2. WILLS (§ 629*)—CONSTRUCTION IN FAVOR OF VESTING.
    The law favors the vesting of devises or bequests as soon as possible after the death of the testator.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1461, 1462; Dec. Dig. § 629.*]

3. WILLS (§ 545*)—LIMITATION OVER ON DEATH WITHOUT ISSUE.
    A testator, 65 years old at the date of his will, whose only son had died shortly before leaving two children three and four years old, gave his property to his wife for life, and, after reciting that it was his will and desire that the grandchildren should be brought up by their paternal relatives and not by their maternal relatives, gave two-thirds of his estate to one and one-third to the other of the grandchildren and their heirs and assigns forever, and provided that if one of them died without issue the survivor should take the whole. He further provided that if the grandchildren should refuse and neglect to conform to his will and desire, as therein expressed, they should take nothing under the will; that, if one should conform and the other neglect and refuse to do so, the one so conforming should take the whole of the estate, and, if both grandchildren died without issue, he gave all his property to certain collateral relatives.

---

Both grandchildren conformed to the will, and both survived the testator and, subsequently, died without issue. *Held*, that there was nothing in the will or in the respective ages of the testator and the grandchildren to change the general rule that a limitation over upon the death of the primary devisee without issue refers to such death in the testator's lifetime, but that, on the contrary, the will showed that the testator intended a death without issue during his lifetime, and hence the collateral relatives had no interest in the estate upon the death of the grandchildren.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1171–1176, 1310–1318; Dec. Dig. § 545.*]

4. WILLS (§ 452*)—CONSTRUCTION IN FAVOR OF HEIRS AND NEXT OF KIN.

In the absence of unfriendly relations, it is presumed that a testator desired and intended that his property should go to his descendants rather than to collaterals.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 968–970; Dec. Dig. § 452.*]

Action by Caroline Russell against Harriet Vreeland Furness and others. Judgment for the defendant named.

Waterman & Waterman, of Ogdensburg, for plaintiff.
Thomas Spratt, of Ogdensburg, for defendant Furness.

WHITMYER, J. The action is in partition and involves the construction of the will of Joseph Furness, late of the town of Oswegatchie, St. Lawrence county, N. Y. He was born in or about the year 1808, and died June 27, 1875. His wife, Margaret Furness, died November 14, 1890. John R. Furness, their only child, born in 1836, married one Rebecca Ann Bush. They had two children, William Joseph Furness, born December 12, 1869, and Lulu Furness, born July 20, 1870. Rebecca Ann died November 4, 1872, and her husband, John R., died March 9, 1873. The said Joseph Furness died seised in fee simple of the real estate herein sought to be partitioned, consisting of a farm of 51 acres and a house and lot in the city of Ogdensburg, N. Y., together worth about $4,000, leaving a last will and testament, dated April 5, 1873, and duly admitted to probate by the surrogate of St. Lawrence county, September 13, 1875. By the first clause, testator directed the payment of his debts and funeral expenses. By the second, he gave all his property to his wife, during her life. The third and fourth clauses are as follows:

"Third. And whereas my only son, John R. Furness, lately departed this life his wife having also died leaving an infant son, William Joseph, and an infant daughter Lulu Furness, him surviving, and it is my will and desire that the said infants shall be brought up by their paternal relatives who reside in the United States of America, and not by the maternal relatives who reside in the Dominion of Canada, I give, devise and bequeath two equal undivided third parts of all my estate real, personal and mixed which shall remain unexpended at the decease of my said wife to my said grandson William Joseph Furness, his heirs and assigns forever, and the other remaining equal undivided third part thereof to my said granddaughter Lulu Furness, her heirs and assigns forever; and in case one of said grandchildren should die without issue, then the survivor shall have and take the whole of said residue. On condition nevertheless, that my said grandchildren shall respectively observe and conform to my will and desire as above expressed in the third clause of my will. But in case both my said grandchildren shall refuse and neglect

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to conform, then it is my will that neither shall take anything under this my will. In case one shall conform thereto and the other neglect and refuse to do so, then it is my will that the one of my grandchildren so conforming shall have and take the whole of said residue which shall remain at and after the decease of my said wife, to have and to hold as aforesaid, and the one so refusing to conform shall take nothing of the said residue as the heir of the other, but on the decease of the one so conforming the said residue shall go as hereinafter provided.

"Fourth. In case both of said grandchildren should die without issue of the body, then I give, devise and bequeath all my property, real, personal and mixed to the following named persons and to their heirs forever, to take per stirpes and not per capita, viz., Alexander Furguson (son of Duncan Furguson), Mary Elizabeth Glinn, Joseph Furness (son of Thomas Furness) who resides in England, Isabella Coats and Mary Smith (daughters of John Furness, deceased, late of Prescott, Province Ontario), Joseph Furness (son of William Furness of Auburn, N. Y.), George Furguson (son of Duncan Furguson), Margaret Rodgers and Caroline Russell (daughters of Robert Rodgers) to be equally divided between them, share and share alike."

One of the persons named in said fourth clause was a cousin of testator, and the others were nephews and nieces, either of the testator or of his wife. The latter, one Duncan Ferguson and one John McCall, were named executors. William Joseph Furness and his sister, Lulu Furness, observed and conformed in all respects to the will and desire of their grandfather. They were brought up by their paternal relatives in the United States, and not by their maternal relatives in Canada. Lulu died January 18, 1885, unmarried and without issue. William Joseph thereupon took possession of testator's property and received and retained all the rents, issues, and profits thereof until his death. He married Harriet E. Vreeland August 21, 1907, and died January 17, 1911, without issue, leaving his widow, defendant Harriet Vreeland Furness, him surviving, and leaving a last will and testament, dated April 6, 1909, duly admitted to probate March 8, 1911, in and by which he gave all of his property to his wife, Harriet Vreeland Furness, absolutely. Plaintiff, one of the devisees named in the fourth clause of the will of Joseph Furness, has brought this action for the partition of said real property, claiming an interest therein under and by virtue of said fourth clause and has joined Harriet Vreeland Furness, the widow of William Joseph Furness, testator's grandson, and the other persons named in said fourth clause, as parties defendant. Harriet Vreeland Furness has answered and claims absolute ownership of the property under the will of her husband.

[1, 2] The solution of the case depends upon the answer to the question whether the testator in making the devise or devises over, which he made, in case either or both of his grandchildren should die without issue, referred to a death without issue in his own lifetime, or at any time. It is a general rule of construction, where real estate is devised in terms denoting an intention that the primary devisee shall take a fee on the death of the testator, followed by a devise over in case of his death without issue, that the words refer to a death without issue, in the lifetime of the testator, and that the primary devisee surviving the testator takes an absolute estate in fee simple. Vanderzee et al. v. Slingerland et al., 103 N. Y. 47, 55, 8 N. E. 247, 57 Am. Rep. 701. This rule is applied even in cases where there is a precedent life estate. Livingston v. Greene, 52 N. Y. 118; Embury v. Sheldon, 68 N. Y.

227; Matter of Mahan, 98 N. Y. 372; Matter of Brown, 154 N. Y. 313, 48 N. E. 537; Lewis v. Howe, 174 N. Y. 340, 66 N. E. 975; Riker v. Gwynne, 201 N. Y. 143, 94 N. E. 632; Davidson v. Jones, 112 App. Div. 258, 98 N. Y. Supp. 265. In such cases, it is held that the time of enjoyment only is postponed until the death of the life tenant. It is also a general rule that the law favors the vesting of devises or bequests as soon as possible after the death of a testator. Riker v. Gwynne, supra. Neither rule, it is true, is absolute. The former is applied only where the context of the will is silent and affords no indication of intention other than that disclosed by words of absolute gift, followed by a gift over in case of death, or of death without issue, or other specified event. Vanderzee et al. v. Slingerland et al., supra; Matter of Cramer, 170 N. Y. 276, 63 N. E. 279. And it is the tendency to lay hold of slight circumstances in a will to vary the construction and to give effect to the language according to its natural import. Matter of Cramer, supra.

[3] We are thus brought to the question of the intention of the testator in this case. He was 65 when he made his will. It was made about three weeks after the death of his only son, whose wife had died about four months before. Their children, one three and the other four, were testator's only living descendants. His wife was living. After directing the payment of his debts and funeral expenses and after giving his wife a life estate in all of his property, he divides same into two parts, giving his grandson a vested fee in two-thirds and his granddaughter a vested fee in one-third, subject to be defeated by either one of two contingencies: First, death without issue; and, second, refusal to comply with his wishes, as expressed in the will, with regard to their training. The will does not, in terms, provide that the issue, if any, of the grandchildren, shall take, in case of their death leaving issue, but that is the only reasonable inference. Bradhurst v. Field, 135 N. Y. 568, 32 N. E. 113; Matter of Cramer, supra. This construction does not, at least necessarily, create a clash with the statute against perpetuities and the other construction might furnish a case of intestacy. And testator does not define whether he intended a death without issue in his lifetime, or at any time, so that the rule above stated should be applied, if his intention in this respect is not otherwise indicated, or if there are no circumstances, which require that the language of the will be construed according to its natural import. The law favors the vesting of devises and bequests as soon as possible after the death of a testator. Riker v. Gwynne, supra.

[4] And it is the presumption, in the absence of unfriendly relations, that a testator had the desire and intent that his property should go to his descendants, rather than to collaterals. March v. March, 186 N. Y. 99, 78 N. E. 704, 8 L. R. A. (N. S.) 180. The provision for the grandchildren is preceded by a preamble, introduced by the customary "whereas," which recites the facts of the deaths of their parents and states that it is testator's will and desire that they be brought up by their paternal relatives in this country, and not by their maternal relatives in Canada. This is significant. In effect, it states a desire on his part that he himself and his wife should, so far as possible, take

the place or places of their parent or parents. So keen was this desire that provisions were added, which were designed to insure compliance. So that, considering this provision, in connection with the time of the making of the will, with respect to the time of the death of his daughter-in-law and that of his only son, and in connection with the fact that these grandchildren were his only living descendants, it seems unreasonable to say that he intended to give them what might prove to be only a life estate. It is urged by plaintiff, citing Matter of Cramer, supra, which she regards as controlling here, that the ages of the parties negative the idea that the testator contemplated the death of either grandchild before his own, or that either would arrive at maturity and have children during his life. He was 65, his grandson 4, and his granddaughter 3 years of age, when the will was made. He would be 82, when his grandson and 83 when his granddaughter attained the age of 21, so that neither inference is unreasonable. Moreover, it was possible for them to marry and have children before reaching that age. The Cramer Case is distinguishable. Testatrix, there, was 85 years of age, when she made her will, and her great-granddaughters, to whom she gave all of her property, were 12 and 10, respectively. The will provided, in case of the death of either without heirs, that the survivor should take. The intention was not otherwise indicated, and there were no circumstances, such as we find here, from which same could be inferred. The Court of Appeals construed the word "heirs" in the sense of "heirs of the body," and decided that she obviously intended that the survivor should take upon the death of the other, without heirs of the body, at any time. Her age and the ages of her great-grandchildren were the circumstances which moved the court to construe the language of that will according to its natural import. At any rate, so far as I have been able to find, that case has not been cited or followed and must, it seems to me, be deemed, by reason of its peculiar facts, not to indicate an intention on the part of the Court of Appeals to depart from the rule of construction so long applied.

The second of the contingencies, namely, refusal to comply with the wishes of the testator, as expressed in his will, is of importance only as it may throw light on his intentions, for the reason that his grandchildren did comply. It is urged by plaintiff that the taking by each is conditioned upon arrival at mature years in the custody of their paternal relatives, and that this was a consummation which testator could not reasonably expect to see. He states that it is his will and desire that his grandchildren be brought up by their paternal relatives in this country and not by their maternal relatives in Canada. He does not define his meaning. He was a farmer, with a small farm and in modest circumstances, so that it seems doubtful whether he intended to provide for their control until they attained full age. Moreover, whether his wishes were to be complied with, or not, was a matter which would be determined long before they attained full age. In any event, as stated before, his age was such that the inference is not unreasonable. It should be noted in this connection that the will makes no provisions for the disposition of the property, in

case both grandchildren should refuse to comply. That would have furnished a case of intestacy, and, in that event, they would have taken, not under the will, but as heirs. It should also be noted that the taking by the cousin and the nephews and nieces, named in the fourth clause, although dependent upon the death of both grandchildren without issue, is also, by the language, directly connected with the provisions relating to the disposition of the property in case of compliance by one and of refusal by the other. The will is peculiar and its construction is not without difficulty. Without the provisions which contain the expression of testator's wishes and the conditions designed to secure compliance, it is similar to those where the rule has been applied. With these provisions and conditions, it is unnecessary to resort to the rule, for they make it clear that testator intended a death without issue during his life. In any event, it seems to me that they show a situation which does not require a construction of the language according to its natural import.